# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JIMMY E. DODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-5100-SSA-CV-SW-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Jimmy E. Dodd seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and denying Supplemental Security Income benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* The period at issue for this appeal is January 25, 2005, through February 7, 2007. The parties' briefs are fully submitted, and an oral argument was held on January 13, 2009.

### Standard of Review

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Background**

Claimant Jimmy E. Dodd was born on December 13, 1950. He completed the eleventh grade and later obtained his GED (General Equivalency Diploma). Prior to January 25, 2005, plaintiff most recently worked as a laborer doing grounds keeping and hotel maintenance. Dodd

claims disability due to post-traumatic stress disorder; major depressive disorder; peripheral vascular disease; chronic pain in back and neck, secondary to degenerative disc disease; chronic pulmonary disease; sleep disturbance, secondary to chronic pain; fatigue, secondary to chronic pain; fatigue, secondary to chronic pain and sleep disturbance; headaches; impaired memory and concentration, secondary to chronic pain and fatigue.

Dodd lives with a friend and he helps provide for his care. Dodd reports he does some cooking, grocery shopping and laundry, and has a drivers license and a vehicle for transportation. Dodd reports, however, that his driving and activities are minimal and can be difficult for him to complete. Dodd reports he mainly sits and watches television, getting up every once in awhile to move around. Dodd states he attends AA meetings twice a week, VFW meetings about once a month, and attends post-traumatic stress disorder therapy at the VA (Veterans Administration) clinic.

## Medical Record

The administrative record contains two medical source statements (MSS); one from Dodd's treating physician, Dr. Thomas Davis, M.D., and one from Lindsey Brooks, PsyD., and Scott M. Gordon, M.S. Licensed Psychologist.

Dr. Davis' MSS indicates Dodd's major diagnoses to be alcoholism, peripheral vascular disease, COPD (Constructive Pulmonary Disorder), and depression. Dr. Davis identified contributing psychological conditions to plaintiff's physical condition to be depression and alcoholism. Dr. Davis opined that Dodd would experience symptoms severe enough to frequently interfere with the attention and concentration needed to perform even simple work tasks. Dr. Davis further opined that plaintiff could only tolerate low stress jobs. Dr. Davis was unable to opine on Dodd's specific physical limitations if placed in a competitive work situation, but did opine that Dodd would need a job that permits shifting positions at will from sitting, standing or walking, but stated there was no legitimate medical need for Dodd to lay down, recline or elevate his feet during a typical 8-hour work day. Finally, the report of Dr. Davis estimated that, on average, Dodd would likely be absent from work more than four days a month as a result of worsened symptoms or required treatment. Dodd was noted as not being a malinger.

3

Dr. Brooks and Mr. Gordon also provided an MSS. Their evaluation and statement assessed Dodd's current level of cognitive, emotional and behavioral functioning. Based on the information obtained through the clinical interview with Dodd, Dr. Brooks and Mr. Gordon diagnosed him with Post-traumatic Stress Disorder, Major Depressive Disorder, back and neck pain, artery disease in legs, and scoliosis. Without consideration of the limitations involving Dodd's history of alcohol abuse, it was opined that Dodd had impairments that would seriously and chronically interfere with reliable, independent and effective functioning in 17 out of 20 categories. Further, it was opined that Dodd was moderately limited in carrying out short and simple instructions, to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, and to be aware of normal hazards and take appropriate precautions. Dodd was also determined to likely be absent from work more than four days a month as a result of symptoms or required treatment. Dodd was also noted as not being a malinger. In conclusion, Dr. Brooks and Mr. Gordon opined that Dodd's emotional disturbance was of the severity and magnitude sufficient enough to interfere with his ability to perform daily tasks consistently, and preclude him from performing an occupation for a period of twelve months or longer.

## Discussion

Dodd asserts the Administrative Law Judge (ALJ) erred in finding he was not disabled. Dodd asserts the ALJ's decision is not supported by substantial evidence from the record as a whole because the residual functional capacity assessment adopted by the ALJ is contrary to both the evidence of record at the time of the ALJ's decision and the evidence of record supplemented on appeal. Specifically, Dodd asserts that the ALJ's conclusion that his impairments and limitations are the result of alcohol use, and should he refrain from using alcohol, he would not be disabled, is not supported with substantial evidence on the record.

This court reviews the decision by the ALJ "to determine whether it is supported by substantial evidence on the record as a whole." Bailey v. Apfel, 230 F.3d 1063, 1065 (8th Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3) (1998). "Substantial evidence is defined as evidence that a reasonable person would find adequate to support the conclusion." Jones v. Barnhart, 335 F.3d 697, 698 (8th Cir. 2003).

4

## Administrative Law Judge Decision

The ALJ purported to follow the standard five-step procedure to determine whether Dodd satisfied the Social Security disability standards. She first determined that Dodd qualified for consideration because he met the insured status requirements of the Social Security Act, and had not engaged in substantial gainful activity since January 25, 2005, the alleged onset date. The ALJ found Dodd had severe impairments of alcoholism, depression and post-traumatic stress disorder, and that these impairments are more than slight abnormalities and have more than a minimal effect on the claimant's ability to perform basic work-related activities. The ALJ found claimant's determinable joint disease, neck and back pain, and peripheral vascular disease to not be severe impairments, and thus, not more than slight abnormalities with minimal effect on the his ability to perform basic work-related activities.

The ALJ specifically found that Dodd's alcoholism, depression and post-traumatic stress disorder met section 12.09 of 20 C.F.R., Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d) and 416.920(d)). The ALJ found that Dodd's alcoholism, depression and post-traumatic stress disorder produced marked limitations on daily living and maintaining social functioning, and in order to maintain concentration, persistence, or pace.

However, the ALJ subsequently found that without alcohol, claimant's depression and post-traumatic stress disorder would produce only mild limitations, and that he would not have an impairment or combination of impairments that meet or medically equals any of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d) and 416.920(d)). The ALJ detailed her basis for finding that Dodd's impairments of depression and post-traumatic stress syndrome, while remaining, would produce only mild limitations if he quit drinking alcohol.

Based on this determination, the ALJ found Dodd to have a residual functional capacity to perform basic work activities, except that the claimant would be limited to unskilled work that does not require interaction with the public.

Specifically, the ALJ found that if Dodd quit the substance abuse, he would be able to perform past relevant work as a lodging facilities attendant, as a poultry eviserator, and as an

industrial cleaner. The ALJ found that Dodd's past work would not be precluded by the residual functional capacity it would have if he stopped the substance abuse.

The ALJ concluded that because Dodd's substance abuse disorder is a contributing factor material to the determination of disability, he has not been disabled within the meaning of the Social Security Act.

## Procedures for Alcohol-Related Claims

Since 1996, amendments to the Social Security Act preclude a claimant's application for benefits if alcohol or drug abuse compromises a contributing fact material to the determination of the disability. Brueggemann v. Barnhart, 348 F.3d 689, 693 (8th Cir. 2003) (citing 42 U.S.C. § 423(d)(2)(C), 20 C.F.R. § 404.1535). The burden of proving alcoholism was not a contributing factor material to the disability determination falls on the claimant. Brueggemann v. Barnhart, 348 F.3d at 693. However, if the ALJ is unable to determine whether substance abuse disorder is a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden of proof has been met and an award of benefits must follow. Id. "In colloquial terms, on the issue of materiality of alcoholism, a tie goes to [the claimant]." Id.

Brueggemann v. Barnhart, 348 F.3d at 694-95, sets forth the approach that must be followed by the ALJ. In determining whether alcohol abuse is a contributing factor, the ALJ must first determine whether the claimant is disabled. The ALJ must reach this determination initially using the standard five-step approach of 20 C.F.R. § 404.1520. The ALJ must base this disability determination on substantial evidence of the claimant's limitations without deductions for the assumed effects of substance abuse disorders. The inquiry strictly concerns symptoms, not causes, and the rules for how to weigh evidence of symptoms remain well established. Substance abuse disorders are simply not among the evidentiary factors that precedent or the regulations identify as probative when the ALJ evaluates a physician's expert opinion in the initial determination of the claimant's disability. If the total of claimant's limitations, including the effects of substance abuse disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance abuse disorder are absent. When a claimant is actively abusing alcohol or drugs, this determination will necessarily be hypothetical and, therefore, be difficult.

6

A review of the record shows that the ALJ's decision implicitly found that Dodd was disabled based on his alcoholism, post-traumatic stress disorder and depression, and unable to work, in applying steps 1 through 5, even if she did not specifically articulate this as to all the steps.  The ALJ subsequently, however, clearly found that Dodd's alcoholism was a contributing factor material to the determination of his disability, 20 C.F.R. §§ 404.1535 and 416.935, and found that absent his drinking of alcohol, his impairments of post-traumatic stress disorder and depression would not result in his being limited from basic work-related activities.  The ALJ found Dodd would have the residual functional capacity to perform basic unskilled work activities that do not require interaction with the public.  The ALJ found that Dodd is able to perform past relevant work, and is not disabled under the Social Security Act

As pointed out by the ALJ, Dodd's medical records and the Social Security record as a whole clearly reflect Dodd is an alcoholic, and that his other medical and mental problems cannot be effectively dealt with until his alcohol problem is addressed.  What is not clear, however, is the extent to which alcohol problems are causing him to be incapable of holding a job, or if alcohol problems are the result of Dodd's inability to deal with his psychological problems, and whether he would be unable to hold a job if not drinking.

The experts who specifically address this issue are Dr. Brooks and Mr. Gordon, who provided an MSS which assessed Dodd's impairments without consideration of the limitations involving Dodd's alcohol abuse.  Dr. Brooks and Mr. Gordon concluded that Dodd's emotional disturbances were of the severity and magnitude sufficient enough to interfere with his ability to consistently perform daily tasks and preclude him from performing an occupation for a period of twelve months or longer.

Although an MSS was also provided by Dodd's treating physician, Dr. Davis, this statement did not break out plaintiff's alcoholism from his additional diagnoses of depression, peripheral vascular disease and COPD.  Without such a distinction, it is impossible to determine from Dr. Davis' statement whether Dodd would be disabled absent his alcoholism.  This fact is also true for all of Dodd's VA medical records.  The records all fully recognize Dodd's alcoholism, but there is no contrary evidence in the record that specifically sets forth what Dodd's impairment level is absent his alcohol abuse.

7

Although the ALJ cites to Dodd's medical records during a period when Dodd appeared to be abstaining from alcohol and doing better, these records do not address the ultimate issue of his ability to be working. The fact that Dodd did better does not mean he doesn't have these other issues. This court recognizes this is a close case, but finds that the ALJ is over-reading statements by doctors that Dodd's problem is alcohol.[2] Doctors did not address whether Dodd is disabled once you remove his alcoholism. The only MSS that directly addresses the issue is the expert opinion of Dr. Brooks and Mr. Gordon, and they opine that Dodd is precluded from performing an occupation. Further, as set forth above, under the rule of law as to materiality of alcoholism, a tie goes to Dodd.

Therefore, this court holds that the ALJ's decision was not supported by substantial evidence on the record as a whole, and the decision is reversed and remanded with directions to compute and award benefits.

Dated this 12th day of February, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

---

[2] ALJ "may not simply draw his own inferences about plaintiff's functional ability from medical reports." Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004). "ALJ must not substitute his opinions for those of a physician." Ness v. Sullivan, 904 F.2d 432, 435 (8th Cir. 1990).